[Cite as *State v. Davis*, 2017-Ohio-775.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio

Court of Appeals No. S-16-038

Appellee

Trial Court No. 15 CR 1151

v.

Jed P. Davis, II

**DECISION AND JUDGMENT**

Appellant

Decided: March 3, 2017

* * * * *

Timothy F. Braun, Sandusky County Prosecuting Attorney,
for appellee.

James H. Ellis III, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Jed P. Davis II, appeals from the August 29, 2016 judgment of conviction and sentence entered by the Sandusky County Court of Common Pleas. For the reasons that follow, we affirm.

**{¶ 2}** On February 9, 2016, appellant was indicted on one count of tampering with evidence, a third-degree felony, and one count of possession of drug abuse instruments, a first-degree misdemeanor. Appellant pled not guilty.

**{¶ 3}** On July 7, 2016, appellant withdrew his not guilty plea and entered a guilty plea to one count of tampering with evidence, in violation of R.C. 2921.12(A)(2), a felony of the third degree. On August 29, 2016, a sentencing hearing was held and appellant was sentenced to 36 months in prison. The other charge against appellant was dismissed. Appellant appealed.

**{¶ 4}** Appellant sets forth one assignment of error:

The trial court erred by failing to comply with applicable statutes in sentencing the appellant.

**{¶ 5}** Appellant argues the trial court failed to comply with R.C. 2929.11 and 2929.12 when he was sentenced. Appellant contends the court did not consider his continued effort to overcome his addiction nor did the court consider his request for help in overcoming his addiction.

**{¶ 6}** The appellate standard of review for felony sentences is set forth in R.C. 2953.08. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the trial court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

2.

*Id.* In determining whether a sentence is clearly and convincingly contrary to law, the approach in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, can provide guidance. *Id.* at ¶ 15.

> Significantly, *Kalish* determined that a sentence was not clearly and convincingly contrary to law in a scenario in which it found that the trial court had considered the R.C. 2929.11 purposes and principles of sentencing, had considered the R.C. 2929.12 seriousness and recidivism factors, had properly applied post release control, and had imposed a sentence within the statutory range. *Id.*

**{¶ 7}** The sentencing court is not required to use specific language or make specific findings to establish it considered the applicable seriousness and recidivism factors. *See State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

**{¶ 8}** Here, the record shows at the sentencing hearing appellant made a statement, as did his attorney, before sentence was imposed. The trial court acknowledged it read the presentence investigation report ("PSI") which the court noted set forth "the lengthy efforts at trying to help [appellant] with alcohol and drug abuse." The court observed the PSI also included appellant's extensive criminal record, with 61 entries. The court indicated it was its job to attempt to protect the public and punish appellant. The court referenced the official version of the offense with which appellant was charged, which involved appellant "shooting up heroin * * * a substantial amount of heroin." The court

3.

acknowledged appellant has a drug problem and "it just continues whether you're on probation or whether you're under indictment.

{¶ 9} Based on the foregoing we find the trial court considered the principles and purposes of sentencing, set forth in R.C. 2929.11, and balanced the seriousness and recidivism factors, contained in R.C. 2929.12, in fashioning appellant's sentence. We further find the 36-month prison sentence imposed upon appellant is within the permissible statutory sentencing range for a third-degree felony. *See* R.C. 2929.14(A)(5). We therefore conclude the prison sentence imposed on appellant by the trial court is not contrary to law. Accordingly, appellant's assignment of error is not well-taken.

{¶ 10} The judgment of the Sandusky County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE